GEORGE SALLADE

v.

STATE OF ILLINOIS.

*Opinion filed April 18, 1923.*

RESPONDEAT SUPERIOR—*doctrine not applicable to State.* The State is not liable for injuries sustained by its employees while in the performance of their duties. (*Jasper* v. *State*, 2 C. C. 323. followed.)

WORKMAN'S COMPENSATION ACT—*does not apply to State.* The Workman's Compensation Act does not apply to State employees.

SOCIAL JUSTICE AND EQUITY—*when claimant entitled to an award.* While the State is not liable for the injuries sustained the Court as a matter of social justice and equity recommends to the Legislature and appropriation to claimant.

Edward J. Brundage, Attorney General, for State.

The declaration in this case states that, the claimant, George Sallade was on the third day of June, 1922, engaged in constructing and repairing certain buildings on the State Fair Grounds near the city of Springfield, Illinois; and that he was engaged by the Department of Highways, a Division of the State of Illinois, by contract, express in its nature of hire in and about the aforesaid constructing and repairing of buildings carried on by the defendant, that he was in the employment of the defendant; and that he further avers that under the laws of the State of Illinois both the plaintiff and the defendant were working under and subject to a Statute known as the "Workmen's Compensation Act"; and the plaintiff further avers, that while so employed on the day aforesaid, under the terms of his contract with the defendant, an accident arose out of the course of the defendant's and plaintiff's work by which accident the plaintiff received painful and lasting injuries and damages; and the plaintiff avers that the aforesaid accident occurred as follows, to-wit: The plaintiff was engaged in placing a board upon the top of the aeroplane hanger and while so engaged the plaintiff slipped and fell a distance of ten feet to the ground alighting upon his arm and shoulder and receiving the following injuries, to-wit: Two broken ribs and the arm and shoulder badly smashed and injured to the extent that said arm has lost seventy-five per cent of its use; the plaintiff further avers that the loss of the use to said arm and shoulder is fully seventy-five per cent; the plaintiff further avers and shows that medical aid and assistance were furnished by the defendant.

The plaintiff further avers that as a result of the aforesaid accident the plaintiff is entitled to receive, under the aforesaid Act and Statute, the sum of $14.00 per week for a period of 30 weeks for tem-

porary total incapacity from work and a further sum of $14.00 per week for a period of 200 weeks for the loss of the use of his arm and shoulder.

The evidence of the claimant shows that he was employed at the State Fair Grounds, being employed by the Highway Department and at the time of the injury he was standing on top of a concrete mixer holding a rafter for one of the employees; that claimant's foot slipped and that he fell a distance of from 8 to 12 feet to the ground; there is nothing to show negligence on the part of the State, but rather on the part of the claimant.

Claimant was working for this State Department for the sum of $3.20 per day of 40c per hour for 8 hours work and during a portion of the time was allowed Saturday afternoons off. He had been employed prior to his connection with the State, as an engineer in the mines and had been receiving a fair salary for his services. He does not state how he came to give up his position at the mines, but at any rate he was working as a common laborer at the time of his injury, and for wages much lower than he was receiving at his regular line of work. Claimant testifies that he was only in the hospital 10 days; that the end of seven weeks after the injury he was back to the Fair Grounds and was employed as a watchman at a salary of 40c per hour, same as he had been receiving; that during the time he was injured up until he went back to work he received his salary with no deductions for time lost; that he lost no time on account of his injury and that shortly after claimant returned to his employment at the fair grounds for the State, he ceased working for the State and accepted a position at the mines; that the mines were working six days ped week and at least 75% of the time or better; that he, the claimant, has drawn the sum of, as he puts it "between $150.00 and $175.00 as monthly wages."

There is some evidence given by a fellow employee that the claimant was unable to use his right arm, Dr. Harmon also testified that the claimant was unable to use his arm; that he, the doctor tried to place claimant's arms into various positions they should go, but couldn't do this on account of the extreme pain to claimant; that claimant could not reach his left shoulder nor extend his arm in a horizontal position.

The Attorney General has demurred to the declaration and as a matter of law this Court will sustain the demurrer.

The Workmen's Compensation Act does not apply to State employees. The rule of *respondeat superior,* does not apply, this question having been decided by this Court in the case of Sadie Jasper, administratrix of the estate of *John Jasper* v. *State of Illinois,* Vol. 2 C. C. Reports, page 323 and in numerous other cases.

While as a matter of law the State is not liable, still we are of the opinion, that as a matter of equity and social justice an award should be made, we therefore recommend an award in the sum of one thousand five hundred dollars ($1,500.00).